PATRICK KING *vs.* AGNES McELROY.

PROVIDENCE—JUNE 5, 1903.

PRESENT: Stiness, C. J., Douglas and Blodgett, JJ.

(1)  *Garnishment.   Misnomer of Trustee.*

The service of a writ upon the insurance commissioner, wherein the John Hancock Life Insurance Company was named as trustee of the defendant, is not a legal attachment of money in the hands of the John Hancock Mutual Life Insurance Company of Boston, Massachusetts.

(2)  *Garnishment.   Amendment.*

A motion to amend the name of the garnishee in a writ of attachment is properly denied, as the amendment would necessitate further service of process, and the same result is attainable by the issuing of a writ of mesne process under Gen. Laws cap. 252, § 17.

ASSUMPSIT.

A writ of attachment was sued out of a District Court with direction to attach certain funds in the hands of the John Hancock Life Insurance Company. This writ was served on the insurance commissioner, who in turn served a copy of the writ he received on the treasurer of the John Hancock Mutual Life Insurance Company, a foreign corporation. This corporation returned· an affidavit in which it denied that the funds in its possession were attached, but that it held funds belonging to the defendant, and asked the court to determine whether or not it was chargeable as garnishee. After the case was entered in court the plaintiff petitioned the court below to amend the name of the garnishee by inserting the word "Mutual," thus changing the name .of the garnishee named in the writ at the time it was served, which was the John Hancock Life Insurance Company, to that of the John Hancock Mutual Life Insurance Company. The plaintiff's petition to amend was denied by the court below, and exceptions were duly taken.

Heard on exceptions to ruling of District Court, and exceptions overruled.

(1)  PER CURIAM. The court is of the opinion that the service of the writ in this case upon the insurance commissoner of Rhode Island was not a legal attachment of money in the hands of the John Hancock Mutual Life Insurance Company of Boston, Massachusetts. See *Sheffield* v. *Barber*, 14 R. I. 263.

(2)  The amendment asked for, in the absence of consent of parties, would necessitate further service of process, and the same result was attainable by the plaintiff by the issuing of a writ of .*mesne* process, under Gen. Laws cap. 252, § 17. The motion to amend was therefore properly denied by the District Court.

Exceptions overruled, and case remanded to the District Court of the Sixth Judicial District.

*Peter C. Cannon*, for plaintiff.

*John F. Conaty*, for defendant.